UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Kiva Kitchen & Bath, Inc. | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Civil Action H-06-2562 |
| | § | |
| Capital Distributing, Inc., *et. al.* | § | |
| *Defendants*. | § | |

**MEMORANDUM AND ORDER**

Before the court is Defendant Capital Distributing, Inc.'s "Motion to Compel Production of Documents," which also requests sanctions and an extension of the discovery deadline (Dkt. # 54).  The court heard argument on this motion on September 18, 2007, and has also reviewed Plaintiff Kiva Kitchen & Bath, Inc.'s response and supplemental response to the motion (Dkt. #'s 58 and 65).

Capital's motion is GRANTED in part, and DENIED in part, as set forth below.

    **1.**     **Requests for Production:** Capital asks that the court compel Kiva to produce documents responsive to its "First Request for Production of Documents." *See* Dkt # 54, Exhibit B (containing Capital's RFPDs).  This request is GRANTED in part, and DENIED in part.

Capital states that because its RFPDs are nothing more than copies or mirror

images of Kiva's RFPDs, Kiva should not object to producing the same categories of documents that it is requesting from Capital. The court has reviewed the parties respective RFPDs and notes that, of Capital's fifteen RFPDs, three RFPDs are exactly the same, and twelve are mirror image requests. More specifically, Capital's RFPDs 1-3 are the same as Kiva's RFPDs 28-30 *verbatim*—in that Capital and Kiva are both asking for documents the other has pertaining to *Kiva's* business. Conversely, Capital's RFPDs 4-15 are the same as Kiva's RFPDs 31, 33-39, 41, 43- 44, and 52, except that where Kiva's RFPDs request documents pertaining to Capital's records and data, Capital's RFPDs request documents pertaining to Kiva's records and data. *See* Dkt. # 54, Exhibits B-C (containing Capital's RFPDs and Kiva's responses); and Dkt. #39, Exhibits D-I (containing Kiva's RFPDs and Capital's responses).

    **A.**    **RFPDs 1-3**: Kiva's objections to a number of Capital's RFPDs are valid. At a minimum, Capital's RFPDs 1-3, the above-referenced "verbatim" requests, are overly broad and unduly burdensome. For example, Capital's RFPD #2 asks Kiva to produce: "All documents or things mentioning, regarding, or relating to Kiva or Kiva's subsidiaries or affiliates." *See* Dkt. # 54, Exhibit C, at page 5. The court doubts that Kiva has many documents in its possession that do not in some way mention, regard or relate to its own business. Capital's argument that it should get these documents because its request is the same, verbatim request that Kiva

propounded upon it fails because Kiva's claims allege that Capital conspired to steal Kiva's customers through the improper use of its trademarks and therefore documents in Capital's possession regarding *Kiva's* business would likely be relevant to Kiva's claims. Conversely, all of Kiva's documents mentioning or relating to *itself* are not likely to be relevant to the claims and defenses at issue in this litigation. Despite the fact that Capital copied Kiva's RFPD #29 verbatim, Kiva did not ask Capital to produce all of its documents which mention, relate to, or regard itself. Clearly, such a request would be overly broad, unduly burdensome, and beyond the scope of the litigation and the court declines to compel Kiva to respond to Capital's RFPDs 1-3 for these reasons.[1]

    **B.**    **RFPDs 4-15**: In its response and supplemental response to Capital's motion, Kiva argues that Capital's RFPDs 4-15 seek documents that are irrelevant to the claims and defenses presented in this litigation. *See* Dkt. # 58 at page 9, and Dkt. # 65 at page 3. This is so, Kiva states, because it is entitled to Capital's gross profits during the time of alleged infringement irrespective of whether Kiva incurred any actual financial losses as a result of Capital's infringement. In other words, Kiva

---

[1] It is possible that Capital meant to ask for all of Kiva's documents mentioning or relating to *Capital,* but Capital has not propounded corrected RFPDs and it did not attempt to clarify its requests in oral argument so the court declines to read content into Capital's requests that is not there.

claims the law entitles it to take these profits regardless of its own actual damages, and that it is Capital's burden to prove which portion of its own profits were *not* due to the infringing activity.

Kiva is right about the burdens at issue. In this Circuit, once a Lanham Act plaintiff prevails on the merits, that plaintiff does not need to show lost sales in order to receive an award of a defendant's gross profits. *Quick Tech., Inc. v. The Sage Group PLC*, 313 F.3d 338, 348 (5th Cir. 2002); *Maltina Corp. v. Cawy Bottling Co., Inc.*, 613 F.2d 582, 585 (5th Cir. 1980); *Boston Professional Hockey Assoc., Inc. v. Dallas Cap & Emblem Manufacturing Inc.*, 597 F.2d 71, 75 (5th Cir. 1979). And, once a plaintiff proves up a defendant's gross profits, it is the defendant's burden to show that something other than its infringement, such as a reduction in its own overhead costs, produced the profit. *Texas Tech. Univ. v. Spielberg*, 461 F. Supp. 2d 510, 526 (N.D. Tex. 2006).

However, as Kiva points out, the Lanham Act allows plaintiffs to recover "actual damages *and/or* a defendant's profits." 15 U.S.C. § 1117(a) (emphasis added). Here Kiva's amended complaint specifically states that it is requesting both Capital's profits and its own "lost profits resulting from Defendants' unlawful conduct." *See* Dkt. # 33 at page 32. Kiva's response to Capital's motion does not waive its claim for lost-profit damages, and Kiva affirmed during oral argument that

it was, in fact, seeking these damages. Accordingly, Kiva cannot colorably argue that all of its financial and customer information relating to the January 1, 2005 to December 2006 year period is irrelevant to the claims and defenses in this litigation.[2] In short, this information may be very relevant to both the claims and defenses at issue in this litigation.

Moreover, even if Kiva were to waive its lost-profit damages claim, this would not necessarily require the court to disregard that measure of damages. If Kiva prevails on the merits, the district court must determine what measure of damages to award. In turn, when deciding whether to award a plaintiff a defendant's gross profits, Fifth Circuit case law requires consideration of the following non-dispositive factors:

> (1) whether the defendant had the intent to confuse or deceive,
> (2) whether sales have been diverted,
> *(3) the adequacy of other remedies,*
> (4) any unreasonable delay by the plaintiff in asserting his rights,
> (5) the public interest in making the misconduct unprofitable, and
> (6) whether it is a case of palming off.

*Blendco, Inc. v. Conagra Foods, Inc.* 132 Fed.Appx. 520, 523 (5th Cir. 2005) (citing *Pebble Beach Co. v. Tour 18 I Limited*, 155 F.3d 526, 554 (5th Cir.1998)) (emphasis

---

[2] The parties have agreed to limit the temporal scope of relevant discovery to January 1, 2005 to December 2006. This period is longer than the period of alleged infringement but was agreed to in order to allow the parties to compare financial profits and losses before and after the alleged infringement.

added). Consequently, Kiva's relevancy objections fail for the additional reason that its actual damages will be relevant to the district court's damages determination, should Kiva prevail on the merits and continue to seek Capital's gross profits.

Kiva also challenges the geographical scope of the requested discovery arguing that Kiva's financial information from Texas stores in areas other than Dallas will not be relevant because Capital did not compete with it outside the Dallas or "North Texas" area. However, Kiva has not limited its damage claims to financial losses occurring solely within that area. Also, information for all of Kiva's Texas stores might enable Capital to show that Kiva's alleged losses were caused by factors other than Capital's alleged activities, such as increases in overhead or fluctuations in the market. While Kiva argues that the only market relevant to this case is the North Texas market, the geographical scope of the relevant market for infringement purposes is an issue pertaining more to the weight of the evidence than to its discoverability.

Consequently, Kiva's relevancy objections to Capital's RFPDs 4-15 are overruled because Kiva's financial and customer data for the period of January 1, 2005 to December 2006 may lead to the discovery of admissible evidence, either of its lost customers and/or profits, or the lack thereof. Kiva's relevancy objections are also overruled because its actual damages may be relevant to the district court's

damages determination, should Kiva prevail on the merits and continue to seek Capital's gross profits.

With the exception of Capital's RFPD # 14, where Kiva claims to have already produced the requested documents, Kiva's responses to Capital's RFPDs 4-15 all state that Kiva will "agree to produce its non-privileged, relevant documents" responsive to the requests "once an acceptable protective order is entered by the court." *See* Dkt # 54, Exhibit C.  An agreed protective order was entered in this case on June 26, 2007.  *See* Dkt. # 51.  Therefore, with the limitation that Kiva need not produce documents outside of the January 1, 2005 to December 2006 period, Kiva is hereby ORDERED to produce its non-privileged documents responsive to Capital's RFPDs 4-15.  Kiva has two weeks from the date of this order to produce these responsive documents.

**2.     Request for Extension of Discovery Deadline:**  Capital's request for an extension of the discovery deadline is DENIED.  On September 6, 2007, District Judge David Hittner signed an order stating that there "will be no further extensions of any dates[.]"  *See* Dkt. # 60.

**3.     Sanctions:**  Capital's request for sanctions, attorneys fees, and costs is DENIED.  Capital's motion misconstrues both the court's statements during the June 21st hearing on Kiva's motion to compel discovery (Dkt. #39), and the order this

7

court issued as a result of that hearing (Dkt. #49). As Capital's counsel acknowledged during oral argument, this court's "what is sauce for the goose, is sauce for the gander" comments referred only to the time limitations the court was imposing on the scope of discovery. *See* Transcript for Motion Hearing # 47, Dkt. #53 at pages 17-25. The court did not direct Kiva to produce any documents during the June 21st hearing because the court was only considering Kiva's motion to compel discovery. The substantive extent of Kiva's responses to Capital's discovery requests was not at issue then. Accordingly, the court finds that an award of sanctions would be inappropriate.

    Signed at Houston, Texas on September 24, 2007.

Stephen Wm Smith
United States Magistrate Judge