# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **KIVA KITCHEN & BATH, INC.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **CAPITAL DISTRIBUTING, INC.,** | § | |
| **and JOHN MICHAEL DAVIS,** | § | |
| **a/k/a MICHAEL DAVIS, a/k/a** | § | **No. 4:06--cv-02562** |
| **JOHN DAVIS** | § | |
| | § | |
| *Defendants/Third-Party Plaintiffs,* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **BRINGMEBIZ, INC. and** | § | |
| **TODD McCALLY,** | § | |
| | § | |
| *Third-Party Defendants.* | § | **JUDGE DAVID HITTNER** |

## JURY INSTRUCTIONS AND JURY QUESTIONS

## INSTRUCTION NO. 1

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or

failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.   So, if a witness had made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all of the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence – such as testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## INSTRUCTION NO. 2

BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

In this case, there are facts that the Plaintiff must prove by a preponderance of the evidence and facts that the Defendants must prove by a preponderance of the evidence.

By the term "preponderance of the evidence," is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of either the plaintiff's claim or the Counter-Plaintiff's claim by a preponderance of the evidence, you should find for the other party as to the claim at issue.

# INSTRUCTION NO. 3

CLEAR AND CONVINCING EVIDENCE

In this case there are claims that plaintiff must prove by "clear and convincing evidence."

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue.  This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.

## INSTRUCTION NO. 4

CREDIBILITY OF THE WITNESS

You are the sole judges of the credibility and "believability" of each witness and the weight to be given to his or her testimony.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you should consider the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the conduct of the witness, or the manner in which the witness testifies; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence.

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which

7

evidence appeal to your minds as being the most accurate and otherwise trustworthy.

## INSTRUCTION NO. 5

Throughout this charge:

The plaintiff in this lawsuit is Kiva Kitchen & Bath, Inc.  When I refer to Kiva Kitchen & Bath, Inc., I will use the terms Plaintiff or Kiva.

The defendants in this case are Capital Distributing, Inc. and John Michael Davis a/k/a Michael Davis a/k/a John Davis.  When I refer to the defendants, I will use the terms Defendants, Capital Distributing and/or Davis.

The third-party defendants in this case are BringMeBiz, Inc. and Todd McCally.  When I refer to the third-party defendants, I will use the terms Third-Party Defendants, BringMeBiz and/or McCally.

## INSTRUCTION NO. 6

BIAS – CORPORATE PARTY INVOLVED

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## INSTRUCTION NO. 7

CAUTIONARY INSTRUCTION ON DAMAGES

You should not interpret the fact that I have given instructions about the Plaintiff's or the Counter-Plaintiff's damages as an indication in any way that I believe that the Plaintiff or Counter-Plaintiff should, or should not, win this case.

In considering damages for any party, you should not consider attorneys' fees or costs of court in your award, if any. To the extent these items are recovered by any party in this case, the court will make that determination at a later date based upon the jury's verdict.

## INSTRUCTION NO. 8

DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 9

<u>Instructions on PLAINTIFF'S CLAIMS – LIABILITY</u>
<u>(Interrogatories No. 1 through 3)</u>

Plaintiff has alleged three (3) different causes of action arising out of the Defendants' acts, which must be considered by you in this case.  The causes of action can be identified as:

1.  trademark infringement under the Lanham Act;

2.  violations of the Anti-Cybersquatting Consumer Protection Act;

3.  Texas common law unfair competition;

I will instruct you as to each of these causes of action.

INSTRUCTION NO. 10

## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT AND UNFAIR COMPETITION UNDER TEXAS COMMON LAW

<u>Instructions for Interrogatories No. 1 and 2</u>

Under a federal law known as the Lanham Act (15 U.S.C. 1125) and under Texas common law, Kiva has alleged that the Defendants have infringed its unregistered trademarks.  Kiva has the burden of proving each of the following by a preponderance of the evidence:

First:  That Kiva began its use of the terms "AABC Appliance Gallery," "Jarrell Appliance Gallery," "Stone Appliance Gallery," and "McNair's Appliance Gallery" prior to 2005 as trademarks for its goods and services;

Second:  That Defendants Capital Distributing and Davis began to use Kiva's marks in or after 2005 in an area where Kiva was selling its goods and services;

Third:  That Defendants' use of Kiva's marks was without the consent of Kiva;

Fourth:  That Defendants' use of Kiva's marks was likely to cause confusion among ordinary purchasers as to the source of the goods or services or Defendants' use of similar marks

is so similar in appearance and meaning to Kiva's marks that its use is likely to cause confusion among ordinary purchasers as to the source of the goods and services.

Ceasing the infringing activity does not allow a defendant to escape liability for its infringement.

The basic test of infringement is likelihood of confusion. In determining whether there is or will be a likelihood of confusion caused by the use of the marks by both Kiva and the Defendants, you may draw upon your common experience as citizens of the community. In addition to your general knowledge, you may also consider:

1.    the type of trademark allegedly infringed, that is the strength of the trademark;

2.    the degree of similarity between the marks in question;

3.    the intent of the Defendants in adopting the mark, that is, whether there was an intent to confuse;

4.    the manner and method in which Kiva and Defendants used the marks;

5.    the similarity between the goods or services in question;

6.    the identity of retail outlets and purchasers

7.    the degree of care likely to be used by purchasers;

8.    the identity of the advertising media utilized;

9.    the degree of any actual confusion; and

10.   other factors about the goods or services that would tend to reduce any tendency to confuse the purchaser as to the source of origin of the product.

In light of these considerations and your common experience, you must determine if ordinary consumers would be confused as to the origin of the goods or services upon encountering the mark as the respective parties have used it. No one factor or consideration is conclusive, but each aspect should be weighed in light of the total evidence presented at trial.