Interrogatory No. 1

Do you find by a preponderance of the evidence that Capital Distributing's use of the following terms or substantially similar terms constitutes trademark infringement and unfair competition?

Answer "Yes" or "No."

(a)    With respect to "AABC Appliance Gallery"

Yes _____        No ____✓____

(b)    With respect to "Jarrell Appliance Gallery"

Yes ____✓____        No _____

(c)    With respect to "Stone Appliance Gallery"

Yes _____        No ____✓____

(d)    With respect to "McNair's Appliance Gallery"

Yes _____        No ____✓____

<u>Interrogatory No. 2</u>

Do you find by a preponderance of the evidence that Davis' use of the following terms or substantially similar terms constitutes trademark infringement and unfair competition?

Answer "Yes" or "No."

(a)   With respect to "AABC Appliance Gallery"

Yes _____          No ___✓_____

(b)   With respect to "Jarrell Appliance Gallery"

Yes ___✓_____          No _____

(c)   With respect to "Stone Appliance Gallery"

Yes _____          No ___✓_____

(d)   With respect to "McNair's Appliance Gallery"

Yes _____          No ___✓_____

## INSTRUCTION NO. 11

## VIOLATIONS OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT

### Instructions for Interrogatory No. 3

Also under the Lanham Act, Kiva has asserted that Defendants violated provisions of the Anti-Cybersquatting Consumer Protection Act (the "ACPA"). Under the ACPA, Defendants are liable to Kiva if Defendants:

1.   had a bad faith intent to profit from a mark; and

2.   registered, trafficked in, or used a domain name that is identical or confusingly similar to the owner's mark.

In determining whether Defendants have bad faith intent, you may consider factors such as, but not limited to:

1.   the trademarks or other intellectual property rights of Defendants in the domain name;

2.   the extent to which the domain name consists of the legal name of the Defendants or a name that is otherwise commonly used to identify Defendants

3.   the Defendants' prior use, if any, of the domain name in connection with the bona fide offering of goods or services;

4.      the Defendants' bona fide noncommercial or fair use of the
mark in a site accessible under the domain name;

5.      the Defendants' intent to divert customers from Kiva's online
location to a site accessible under the domain name that could
harm the goodwill represented in the mark, either for
commercial gain or with the intent to tarnish or disparage the
mark, by creating a likelihood of confusion as to the source,
sponsorship, affiliation, or endorsement of the site;

6.      the Defendants' offer to transfer, sell, or otherwise assign the
domain name to Kiva, the mark owner, or any third party for
financial gain without having used, or having an intent to use,
the domain name in the bona fide offering of goods or services,
or the Defendants' prior conduct indicating a pattern of such
conduct;

7.      the Defendants' provision of material and misleading false
contact information when applying for the registration of the
domain name, the person's intentional failure to maintain
accurate contact information, or the Defendants' prior conduct
indicating a pattern of such conduct;

8. the Defendants' registration or acquisition of multiple domain names which the Defendants know are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties to this lawsuit; and

9. the extent to which the mark incorporated in the Defendants' domain name registration is or is not distinctive and famous.

Bad faith intent shall not be found in any case in which a person believes and has reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful. This is often referred to as the "safe harbor" provision of the ACPA. A defendant who acts even partially in bad faith in registering a domain name is not entitled to benefit from the statute's safe harbor provision.

Interrogatory No. 3

Do you find by a preponderance of the evidence that the registration,

trafficking in, and/or use of the domain names listed below was a violation

of the ACPA?

Answer "Yes" or "No."

| Domain | Davis | | Capital | |
|---|---|---|---|---|
| 1. jarrellappliancegallery.com | Yes ✓ | No ___ | Yes ✓ | No ___ |
| 2. jarrellappliance.com | Yes ✓ | No ___ | Yes ✓ | No ___ |
| 3. jarrellgallery.com | Yes ✓ | No ___ | Yes ✓ | No ___ |
| 4. aabcappliancegallery.com | Yes ✓ | No ___ | Yes ✓ | No ___ |
| 5. stoneappliancegallery.com | Yes ✓ | No ___ | Yes ✓ | No ___ |
| 6. mcnairappliance.com | Yes ✓ | No ___ | Yes ✓ | No ___ |
| 7. mcnairsappliance.com | Yes ✓ | No ___ | Yes ✓ | No ___ |
| 8. mcnairappliancegallery.com | Yes ✓ | No ___ | Yes ✓ | No ___ |

If you answered "Yes" to any item in Interrogatories No. 1 through 3, please answer Interrogatory No. 4.

## INSTRUCTION NO. 12

## **EXCEPTIONAL CASE**

### Instructions for Interrogatory No. 4

You must also determine if this case is exceptional. The case is exceptional if Defendants acted willfully, maliciously, fraudulently, or deliberately. The factors you may consider in determining if the Defendants acted willfully, maliciously, fraudulently, or deliberately, and in determining if this case is exceptional are the following:

1. whether the Defendants acted in bad faith;

2. whether Kiva suffered damages;

3. whether Kiva's marks were registered;

4. whether the Defendants knew of Kiva's marks before the Defendants began using the marks;

5. whether the Defendants deliberately copied Kiva's marks;

6. whether the Defendants had a good faith belief that they had a reasonable defense;

7. whether the Defendants knew at the time of their actions that they were violating the law;

8.   whether the Defendants intended to sell to Kiva's customers

9.   whether the Defendants intended to deceive or confuse the public;

10.   whether the Defendants adopted Kiva's trademarks to benefit from Kiva's reputation; and

11.   whether the Defendants attempted to profit from their use of Kiva's marks.

Interrogatory No. 4

Do you find by clear and convincing evidence that this is an exceptional case?

Answer "Yes" or "No."

(a)   With respect to Capital Distributing

Yes ___✓___          No _____

(b)   With respect to Davis

Yes ___✓___          No _____

If you answered "Yes" to any item in Interrogatories No. 1 through 3, please answer Interrogatory No. 5.

## INSTRUCTION NO. 13

## PLAINTIFF'S CLAIMS – DAMAGES (Interrogatories 5 through 7)

### Instructions for Interrogatories No. 5 through 7

You should not interpret the fact that I am about to give you instructions about monetary awards as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task to decide whether the Defendants are liable. I am instructing you on monetary awards only so that you will have guidance in the event you decide that Defendants are liable and that Kiva is entitled to recover money from Defendants.

If you find that the Defendants are liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole – that is, to compensate the Plaintiff for the damage it has suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary

guesswork.  On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts in evidence.

You should consider the following elements of damage, to the extent you find them proved.  Actual damages must be proved by a preponderance of the evidence:  Punitive damages must be proved by clear and convincing evidence.

A.    Actual Damages Accrued

If you find for Kiva, it is entitled to recover an amount that will fairly compensate it for any damages it has suffered to date.

B.    Punitive Damages

To award punitive damages, you must determine if Defendants actions constitute aggravated conduct, that is, with malice or gross negligence.  Malice means a specific intent to cause substantial injury or harm to the Plaintiff.  Gross negligence means an act or omission: which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability

and magnitude of potential harm to others; and of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

In determining the amount of punitive damages, you should consider evidence relating to:

1.     the nature of the wrong;

2.     the character of the conduct involved;

3.     the degree of culpability of the wrongdoer;

4.     the situation and sensibilities of the parties concerned;

5.     the extent to which such conduct offends a public sense of justice and propriety; and

6.     the net worth of the Defendants.

In this case, Kiva is seeking to recover Defendants' profits.   In assessing an infringer's profits for trademark infringement, Kiva is only required to prove Defendants' sales; the Defendants must prove all elements of cost or deductions claimed.   In other words, Kiva must prove Defendants' gross sales, thereafter the Defendants bear the burden of demonstrating which of its total sales are not attributable to the infringing activity as well as any deductions for its overhead.

You should note that this analysis does not impose an obligation on Kiva to first demonstrate that it actually lost sales to the Defendants, or that the Defendants' actions caused actual confusion in the marketplace in order for Kiva to recover wrongfully obtained profits. Indeed, the burden is on the infringer to prove that any infringement had no cash value in sales made by them. If Defendants' do not or cannot prove that profits are demonstrably not attributable to the unlawful use of Kiva's marks, then the profits made on sales of goods or services using the infringing mark properly belong to the owner of the mark. This may or may not result in a windfall to the mark owner Kiva, where Defendants are unable to isolate the profits which are attributable to use of the infringing marks. But to do otherwise would give the windfall to the wrongdoer. One who makes profits derived from the unlawful infringement of a mark belonging to another cannot relieve itself of its obligations to restore the profits to the rightful owner merely by showing that it is difficult to prove that the infringement had no cash value. In the absence of Defendants proving that any profits are demonstrably not attributable to the unlawful use of Kiva's marks, all profits should be deemed derived from the unlawful appropriation of the marks, and should be awarded to Kiva.

If you answered "Yes" to any item in Interrogatories No. 1 through 3, please answer the following Interrogatory:

## Interrogatory No. 5

What amount of damages, if any, has Kiva proven to be justified due to the Defendants' trademark infringement, violation of the ACPA, and/or unfair competition under Texas common law?

Answer in dollars and cents.

Answer:   $ _257,232.00_

If you answered "Yes" to any item in Interrogatories No. 1 or 2 and if you awarded any damages in Interrogatory No. 5 for acts of unfair competition, please answer the following question:

Interrogatory No. 6

Has Kiva proven by clear and convincing evidence that the following Defendants acted with malice or with gross negligence?

Answer "Yes" or "No."

(a)   With respect to Capital Distributing

Yes _____          No ___✓_____

(b)   With respect to Davis

Yes ___✓_____          No _____

If you answered "Yes" to any item in Interrogatory No. 6, please answer the following Interrogatory with respect to the same defendant or defendants:

Interrogatory No. 7

By what amount, if any, should the damages awarded in Interrogatory No. 5 be increased for punitive damages?

Answer in dollars and cents.

(a)   With respect to Capital Distributing

Answer:   $ _0.00_

(b)   With respect to Davis

Answer:   $ _200,000.00_

Capital Distributing and Davis have alleged causes of action arising out of acts of BringMeBiz and McCally.  You must now consider these causes of action.

### Breach of Contract

INTERROGATORY NO. 8

Did BringMeBiz fail to comply with its agreement with Capital Distributing, Inc.?

Answer Yes or No.

*No*

## Negligent Misrepresentation

INTERROGATORY NO. 9

Did either of the following make a negligent misrepresentation upon which Capital Distributing, Inc. justifiably relied?

Negligent misrepresentation occurs when:

    a.    a party makes a representation in the course of his business or in a transaction in which he has a pecuniary interest,

    b.    the representation supplies false information for the guidance of others in their business, and

    c.    the party making the representation did not exercise reasonable care or competence in obtaining or communicating the information.

Answer Yes or No as to each of the following.

(a)    "BringMeBiz"        No

(b)    McCally        No

## Damages

INTERROGATORY NO. 10

If your answer to Interrogatory No. 8 or Interrogatory No. 9 is "Yes," then answer the following question. Otherwise do not answer the following question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Capital Distributing, Inc. for its damages, if any, that resulted from the negligent misrepresentation or breach of agreement found by you in the previous questions?

Answer in dollars and cents for damages, if any;


Answer:    $_____

If you (1) answered "yes" to any part of Interrogatory Nos. 1, 2, or 3; (2) answered "yes" to any part of Interrogatory No. 9; and (3) entered an amount greater than $0 in response to Interrogatory No. 10, then answer the following Interrogatory. Otherwise, do not answer the following Interrogatory.

You should only assign percentages to the persons or entities you find caused the damages. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The responsibility attributable to the persons or entities named below is not necessarily measured by the number of acts or omissions found.

INTERROGATORY NO. 11

With respect to causing or contributing to cause in any way the injury to Kiva, find the percentage of responsibility, if any, attributable as between or among—

| | | | |
|---|---|---|---|
| a. | Capital Distributing | _____ | % |
| b. | Davis | _____ | % |
| c. | BringMeBiz | _____ | % |
| d. | McCally | _____ | % |
| | Total | 100 | % |

## INSTRUCTION NO. 14

INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Return this charge together with your written answers to the questions. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the Marshal, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **KIVA KITCHEN & BATH, INC.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **CAPITAL DISTRIBUTING, INC.,** | § | |
| **and JOHN MICHAEL DAVIS,** | § | |
| **a/k/a MICHAEL DAVIS, a/k/a** | § | **No. 4:06--cv-02562** |
| **JOHN DAVIS** | § | |
| | § | |
| *Defendants/Third-Party Plaintiffs,* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **BRINGMEBIZ, INC. and** | § | |
| **TODD McCALLY,** | § | |
| | § | |
| *Third-Party Defendants.* | § | **JUDGE DAVID HITTNER** |

We, the jury, return the foregoing as our unanimous verdict: