IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIVA KITCHEN & BATH, INC., | § § | |
| Plaintiff/Counter-Defendant, | § § § § | |
| v. | § § | |
| CAPITAL DISTRIBUTING, INC., JOHN MICHAEL DAVIS a/k/a MICHAEL DAVIS a/k/a JOHN DAVIS, and JENNIFER TYRRELL, | § § § § § | CIVIL ACTION NO. 4:06-cv-02562 |
| Defendants/Third Party Plaintiffs/Counter-Plaintiffs, | § § § § § | |
| and | § § | |
| BRINGMEBIZ, INC., and TODD MCCALLY | § § § § | |
| Defendants/Third Party Defendants. | § § | |

**PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY
OF ROGER D. TOWNSEND, OR ALTERNATIVELY TO STRIKE
PORTIONS OF THE DECLARATION OF ROGER D. TOWNSEND**

Plaintiff Kiva Kitchen & Bath, Inc. ("Plaintiff" or "Kiva") files this Motion to Exclude the Testimony of Roger D. Townsend, or Alternatively to Strike Portions of the Declaration of Roger D. Townsend ("Plaintiff's Motion").

1660997v1

## I.   INTRODUCTION

In August 2006, Plaintiff Kiva Kitchen & Bath, Inc. ("Kiva") sued Defendants Capital Distributing, Inc. ("Capital") and John Michael Davis ("Davis") (collectively, the "Capital Defendants") for cybersquatting and trademark infringement. Kiva prevailed at trial, and in April 2008 this Court awarded it statutory damages under the Anticybersquatting Consumer Protection Act and attorneys' fees through February 25, 2008 under the Lanham Act for its attorneys' trial and pre-trial work. *See* Order Granting Judgment (Doc. No. 166) at 15-16, 31-32.

Although Kiva had also requested an award of prospective post-trial attorneys' fees contingent upon Kiva prevailing in the event of an appeal, this Court did not rule on the merits of that request because the fees had not yet been incurred. *Id.* at 32. The Capital Defendants subsequently appealed.

On April 2, 2009, the United States Court of Appeals for the Fifth Circuit (the "Fifth Circuit") issued an Order affirming the judgment of this Court in all respects and labeling the Capital Defendants' appellate arguments "irrelevant" and "without merit." *See* Order Affirming Judgment (Doc. No. 199) at 6, 9, 11. As the prevailing party at trial and on appeal, Kiva then moved the Fifth Circuit for an award of the attorneys' fees it had incurred after February 25, 2008. In the alternative to an award of those fees from the Fifth Circuit, Kiva requested a

remand to this Court on the question of the attorneys' fees. On June 17, 2009, the Fifth Circuit issued an order granting Kiva's motion to remand the attorneys' fees issue to this Court. *See* Order Remanding Attorneys' Fees Question (Doc. No. 202) at 1.

Soon after the Fifth Circuit's remand on the question of attorneys' fees, Kiva filed its Motion for an Award of Attorneys' Fees Incurred After February 25, 2008 (Doc. No. 203) (the "Attorneys' Fees Motion"). Importantly, the Motion Docket Date for the Attorneys' Fees Motion was July 28, 2009, and Capital Defendants *did not file a response to the Attorneys' Fees Motion by that deadline*, leaving the Attorneys' Fees Motion unopposed.

Capital Defendants did file a "Declaration of Roger D. Townsend" (Doc. No. 204) (the "Townsend Declaration"), which purports to give an expert opinion on the reasonableness of the post-judgment and appellate attorneys' fees incurred by Kiva in this case. However, Capital Defendants never designated Roger D. Townsend ("Townsend") as an expert witness, and the Townsend Declaration was not submitted with any brief opposing Kiva's Attorneys' Fees Motion.

Accordingly, to the extent that the Townsend Declaration is submitted in support of any opposition to Kiva's Attorneys' Fees Motion, Kiva hereby moves that this Court exclude Townsend and/or strike certain offending portions of his Declaration.

1660997v1

## II.   ARGUMENT & AUTHORITY

### A.   Townsend's testimony should be excluded because Capital Defendants never designated him as an expert.

By order of this Court, the deadline for Capital Defendants to designate expert witnesses was April 2, 2007. Scheduling Order (Doc. No. 18) at 1. Capital Defendants originally complied with that deadline by filing their Designation of Expert Witnesses (Doc. No. 24) on March 29, 2007. The only witness Capital Defendants designated as an expert on attorneys' fees was their counsel, Mark Hendrix. Capital Defendants' Designation of Expert Witnesses (Doc. No. 24) at 2. Capital Defendants have not designated any other experts on attorneys' fees, nor have they asked this Court for leave to designate such an expert.

By submitting the Townsend Declaration as an opinion by an undesignated "expert" witness, Capital Defendants violated this Court's Scheduling Order. Under the Federal Rules, violations of discovery orders are punishable by "prohibiting the disobedient party . . . from introducing designated matters into evidence." FED. R. CIV. P. 37(b)(2)(A)(ii). Further, if a party "fails to provide information or identify a witness as required by Rule 26(a)[1] or (e), the party is not allowed to use that information or witness on a motion, at a hearing, or at a trial." FED. R. CIV. P. 37(C)(1). A proper remedy for failure to designate an expert is excluding or striking

---

1.   Rule 26(a) governs the disclosure of expert witness identity and reports. *See* FED. R. CIV. P. 26(a)(2).

4

the "expert testimony from [those] persons not designated as experts." *See Qualls v. State Farm Lloyds*, 226 F.R.D. 551, 552 (N.D. Tex. 2005).

In the Fifth Circuit, courts consider the following factors for excluding undesignated experts: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). However, "a party's violation of the court's scheduling order should not routinely justify a continuance." *Id.* at 884.

These factors favor Kiva. First, Capital Defendants have not given any explanation whatsoever for failing to identify the witness. Second, the testimony is important because it apparently seeks to provide a basis for significantly reducing an attorneys' fees award to Kiva—attorneys' fees for a highly successful court outcome that currently total almost $180,000, a significant sum for a company of Kiva's size. Third, Kiva only knew of one attorneys' fees expert and never received the required legal notice to prepare for this "surprise" witness. Thus, Kiva would be prejudiced if testimony from this heretofore-unknown witness is allowed. Finally, as the Fifth Circuit itself has noted, a continuance should not be granted merely because a party has violated a scheduling order. *Id.* at 884.

1660997v1

Because Capital Defendants never designated Townsend as an expert, their submission of the Townsend Declaration is a flagrant violation of the Scheduling Order and prejudiced Kiva in preparing for a defense of its attorneys' fees. Accordingly, Capital Defendants should not be allowed to rely on Townsend's testimony and it should be excluded in its entirety.

### B. Alternatively, portions of the Townsend Declaration should be stricken for being conclusory and/or speculative.

An expert's testimony that proffers conclusory or speculative opinions should be stricken. *See Elder v. Tanner*, 205 F.R.D. 190, 193-94 (E.D. Tex. 2001) (refusing to admit expert reports with "conclusory statements unsupported by any facts"); *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996) (affirming district court's decision to exclude speculative expert opinion). Expert opinions that are conclusory or speculative do not meet the Rule 26 requirement that an expert's report provide "'a complete statement of all opinions to be expressed and the basis and reasons therefor.'" *Elder*, 205 F.R.D. at 193 (quoting a previous version of FED. R. CIV. P. 26(a)(2)(B)). An expert's opinion that lacks "any elaboration or reasoning" is insufficient as a matter of law. *Id.* at 194.

The Townsend Declaration consists almost entirely of conclusory or speculative statements that are unsupported by anything in the record or in the Declaration itself. The following statements in the Townsend Declaration are conclusory and/or speculative:

6

- "There was no need for [Kiva's counsel] to 'get up to speed.'" Townsend Declaration (Doc. No. 204) at 2. Townsend offers this opinion apparently based on his unfounded conclusion that trial counsel is automatically prepared to cite the trial record and address "the legal issues involved" in an appeal. *Id.*

- "Because Kiva was the appellee, its appellate burden was much lighter." *Id.* Townsend offers no support for this statement, only making a groundless claim that Capital Defendants' work was comparatively more difficult.

- "District court rulings, particularly those by Judge Hittner, are rarely reversed by the Fifth Circuit." *Id.* Townsend offers no support for why this conclusory statement necessarily means that the issues in an appeal are any less complex when addressed by the appellee rather than the appellant.

- "This, again, would lead one to think that the appellant's fees of $49,000 might turn out to be higher than the appellee's." *Id.* at 3. Townsend speculates here as to why one figure "might" be higher than another.

- Kiva was "not at risk from a miscalculation of the timetable." *Id.* Townsend offers absolutely no support whatsoever for this statement, apparently concluding groundlessly that an appellee is never at risk when not complying with the Federal Rules of Appellate Procedure.

- "Kiva could easily have retained an appellate specialist." *Id.* Townsend speculates without support here as to Kiva's ability to retain a "specialist" in appellate work.

- "This suggests that [Kiva's counsel] overstaffed the case, particularly with less experienced lawyers." *Id.* Townsend is conclusory here, nor does he offer any support for his contention that there was a "vast" number of timekeepers, experienced or not, on the case.

- "[Kiva's counsel] is apparently charging Kiva 15 minutes for even one minute of time spent." *Id.* Townsend has no idea how long Kiva's attorneys spent during the allotted quarter of an hour. This statement is rank speculation.

- "[Certain] intra-office email . . . does not even appear particularly important." *Id.* at 4. Once again, Townsend has no idea what the email contained or what its importance to Kiva's case was. His statement is groundless.

- "Whether a party is entitled to run up its attorney's fees by trying to recover those same fees is a legal question." *Id.* Townsend's implied assertion that Kiva's counsel "ran up" its fees is completely groundless and therefore conclusory.

- "[A] contingent fee is . . . typically . . . much higher than an ordinary fee that is assured." *Id.* Townsend offers no support for this conclusory statement.

- "[O]ne would think the appeal turned out to be simpler than Kiva had probably anticipated." *Id.* at 4-5. Although he mentions that there was no oral argument in this case, Townsend offers no grounds for why this made the case "simpler" than Kiva thought, and indeed is speculating that Kiva's counsel was not forced to prepare for oral argument before the Fifth Circuit canceled it.

Each of these statements is either entirely without support; they are therefore conclusory or speculative, or both. *See Elder*, 205 F.R.D. at 193-94; *Guillory*, 95 F.3d at 1331. Each should therefore be stricken.

**C.   If this Court admits any portion of the Townsend Declaration, Kiva should be given an opportunity to designate and present its own expert opinion on appellate attorneys' fees.**

In the alternative, if this Court rules that the Townsend Declaration is admissible in whole or in part, Kiva hereby respectfully requests leave of this Court to retain and designate its own appellate attorneys' fees expert and proffer his or her opinion in support of Kiva's Attorneys' Fees Motion.

8

### III.   CONCLUSION & PRAYER

For the reasons stated above, Townsend should be excluded from consideration as an expert, or, alternatively, the conclusory and/or speculative portions of his Declaration should be stricken.  Finally, if the Townsend Declaration is ruled admissible, in whole or in part, Kiva respectfully requests leave of this Court to retain its own appellate attorneys' fees expert and proffer his or her opinion in support of Kiva's Attorneys' Fees Motion.

Dated:  July 31, 2009

                    Respectfully submitted,

                    By:   /s/ David L. Burgert
                          David L. Burgert
                          State Bar No. 03378300
                          Peter G. Irot
                          State Bar No. 24059997
                          Paul A. Dyson
                          State Bar No. 24059704
                          1000 Main Street, 36th Floor
                          Houston, Texas 77002-6336
                          Telephone:  (713) 226-6000
                          Facsimile:  (713) 226-6268
                          E-Mail:  dburgert@porterhedges.com

                    ***ATTORNEYS FOR PLAINTIFF***
                    ***KIVA KITCHEN & BATH, INC.***

## CERTIFICATE OF SERVICE

This is to certify that on the 31st day of July, 2009, a true and correct copy of the above pleading was properly forwarded to the following counsel of record via the Court's ECF filing system.

Mark A. Hendrix
MADDENSEWELL, LLP
Four Hickory Centre
1755 Wittington Place, Suite 300
Dallas, Texas 75234
Telephone: (972) 484-7780
Facsimile: (972) 484-7743


Jami Meador
STRASBURGER & PRICE, LLP
1401 McKinney Street, Ste. 2200
Houston, Texas 77010-4035
Telephone: (713) 951-5600
Facsimile: (713) 951-5660

                                              /s/ David L. Burgert
                                              David L. Burgert

1660997v1