## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KIVA KITCHEN & BATH, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-06-2562 |
| | § | |
| CAPITAL DISTRIBUTING, INC., | § | |
| JOHN MICHAEL DAVIS *a/k/a* | § | |
| MICHAEL DAVIS *a/k/a* JOHN | § | |
| DAVIS, *and* JENNIFER | § | |
| TYRRELL, | § | |
| | § | |
| Defendants/Third-party | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| BRINGMEBIZ, INC., *and* TODD | § | |
| MCCALLY, | § | |
| | § | |
| Defendants/Third-party | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Kiva's Motion for Award of Attorneys' Fees Incurred After February 25, 2008 (Document No. 203) and Plaintiff's Motion to Exclude the Testimony of Roger D. Townsend, or Alternatively to Strike Portions of the Declaration of Roger D. Townsend (Document No. 206). Having considered the motions, submissions, and applicable law, the Court determines the motion for attorneys' fees should be granted and the motion to exclude testimony should be denied.

BACKGROUND

On August 8, 2006, Plaintiff Kiva Kitchens and Bath, Inc. ("Kiva") filed this lawsuit against Defendants Capital Distributing, Inc. ("Capital"), John Michael Davis, also known as Michael Davis and also known as John Davis ("Davis"), and Jennifer Tyrell ("Tyrell") (collectively, "Defendants"), alleging trademark infringement, tortious interference with existing and prospective business advantage, conspiracy, unfair competition, and violations of the Anticybersquatting Consumer Protection Act of 1999 ("ACPA"), 15 U.S.C. § 1125(d), provisions of the Lanham Act ("Lanham Act"), 15 U.S.C. § 1111 *et seq.*, and the Texas Antidilution Act, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2002).

On February 6, 2008, a jury returned its verdict in favor of Kiva. Specifically, the jury determined the case to be an "exceptional" case and that Defendants acted willfully, maliciously, fraudulently, or deliberately. On April 22, 2008, the Court entered final judgment on the jury's verdict awarding statutory damages in the amount of $500,000, attorneys' fees in the amount of $500,960.35, and costs in the amount of $16,543.49, at a post-judgment interest rate of 1.63%. Defendants appealed.

On April 2, 2009, the United States Court of Appeals for the Fifth Circuit affirmed the district court's judgment. *Kiva Kitchen & Bath, Inc. v. Capital Distrib., Inc.*, 319 F. App'x 316, 321 (5th Cir. 2009). Subsequently, on June 26, 2009, the

2

Fifth Circuit denied Kiva's motion for attorneys' fees incurred on appeal but granted Kiva's motion to remand to the district court for the purpose of determining whether Kiva is entitled to an award of attorneys' fees incurred in defending the district court judgment on appeal.   On July 7, 2009, Kiva filed the pending motion for attorneys' fees incurred at the district court on post judgment matters as well as attorneys' fees incurred on appeal.   Thus, the Court must determine whether Kiva is entitled to attorneys' fees incurred for post judgment matters and on appeal after February 25, 2008.

STANDARD OF REVIEW

Under the Lanham Act, a "court in exceptional cases may award reasonable attorney fees to the prevailing party."   15 U.S.C. § 1117(a); *Schlotzky's, Ltd. v. Sterling Purchasing & Nat'l Dist. Co.*, 520 F.3d 393, 401 (5th Cir. 2008).   It is the prevailing party's burden to demonstrate the exceptional nature of the case.   *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 65 (5th Cir. 1992).   Once that showing is made, awarding attorneys' fees is within the discretion of the district court.   *See Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 528 (5th Cir. 2002) (citing *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 373 (5th Cir. 2000)) ("We review the award of attorneys' fees under the Lanham Act for abuse of discretion, and the court's finding as to whether the case is exceptional for clear error.").

## LAW & ANALYSIS

Kiva contends it is entitled to an award of its attorneys' fees incurred in defending the district court judgment on appeal.[1]  Kiva argues such an award is appropriate because the jury determined at trial the case was "exceptional" within the meaning of the Lanham Act because the Defendants "acted willfully, maliciously, fraudulently, or deliberately."  Defendants, on the other hand, contend Kiva is not entitled to attorneys' fees incurred on appeal because the appeal itself was not "exceptional," in that it was not oppressive or meant for delay.  Alternatively, Defendants argue the fee award Kiva seeks is excessive and offers an affidavit from its expert on attorneys' fees to support that conclusion.  Kiva moves to strike the expert's affidavit as untimely designated and because it is conclusory and speculative. The Court will address each argument in turn.

---

[1]  Kiva seeks attorneys' fees it incurred at the district court in various post judgment matters in addition to those incurred defending the district court's judgment on appeal. Defendants, however, contest only the award of appellate attorneys' fees. Because the Court previously determined that Kiva is entitled to its attorneys' fees in this case at the trial court level, the Court now determines Kiva is entitled to those attorneys' fees it incurred in post judgment matters in the district court. Moreover, because the vast majority of the work for which Kiva seeks fees in this motion was performed for the purposes of appeal—and, as the Court will explain, Kiva is entitled to these fees—the Court finds it unnecessary to distinguish the dollar value associated with the tasks performed for post judgment matters in the trial court and from that of the tasks performed solely in defending the trial court judgment on appeal.

4

A.    *Motion for Attorney's Fees*

At the outset, the Court notes the text of the Lanham Act, in expressly allowing

for an award of attorneys' fees in "exceptional cases," does not distinguish between

the trial and the appeal of such cases. *See* 15 U.S.C. § 1117. Moreover, it appears

the Fifth Circuit has not addressed a party's entitlement to attorneys' fees on appeal

in Lanham Act cases. However, other circuits have addressed this issue and their

decisions lend the Court guidance in determining whether Kiva is entitled to such an

award. *See JCW Inv., Inc. v. Novelty, Inc.*, 509 F.3d 339, 341 (7th Cir. 2007); *Tamko

Roofing Prods., Inc. v. Ideal Roofing Co.*, 294 F.3d 227, 230 (1st Cir. 2002); *Comm.

for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996).[2]

First, the United States Court of Appeals for the Seventh Circuit has

determined that "the Lanham Act . . . permit[s] an award of full costs and reasonable

attorneys' fees to the prevailing party, *including fees and costs incurred on appeal*."

---

[2] The United States Court of Appeals for the Eleventh Circuit addressed this issue by
implication in *Burger King v. Pilgrim's Pride*, 894 F.2d 412, 412 (11th Cir. 1990). There,
the Eleventh Circuit affirmed, without opinion, a district court's award of attorneys' fees and
granted the prevailing party's petition for appellate attorneys' fees, remanding to the district
court for a determination of the amount of fees appropriate. *Id.* On a subsequent appeal
challenging the award of attorneys' fees on appeal on the basis the case was not
"exceptional," the Eleventh Circuit applied the law of the case doctrine, stating that its earlier
affirmance of the district court's award of attorneys' fees implied that it found the case to be
"exceptional" so as to allow for such an award on appeal. *Id.* at 169. Thereby implying that
appellate attorneys' fees are awardable to the prevailing party in "exceptional" cases under
the Lanham Act in the Eleventh Circuit.

*Novelty, Inc.*, 509 F.3d at 341 (emphasis added). In so doing, that court stated, "When 'a plaintiff wins a suit and is entitled by statute to a reasonable attorneys' fee, the entitlement extends to the fee he reasonably incurs in defending the award of that fee.'" *Novelty, Inc.*, 509 F.3 at 342 (quoting *Gorenstein Enters., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 438 (7th Cir. 1989)). Thus, in *Novelty, Inc.*, the Seventh Circuit granted the prevailing party its attorneys' fees incurred on appeal because those fees were "reasonably incurred in defending" its trial court judgment awarding attorneys' fees under the Lanham Act. *Id.*

The United States Court of Appeals for the Ninth Circuit also has upheld an award of attorneys' fees on appeal when the district court determined the underlying case "exceptional" at trial. *See Yost*, 92 F.3d at 825. There, the court determined that "[b]ecause the district court found that appellants 'knowingly, intentionally and deliberately'" infringed upon the appellee's tradename, the case fell "within that class of exceptional cases in which courts may award attorney's fees pursuant to § 1117(a)" of the Lanham Act. *Id.* The court relied upon the district court's determination that the case was "exceptional" at trial to award the prevailing party appellate attorneys' fees. *Id.*

The United States Court of Appeals for the First Circuit, however, has refused to award attorneys' fees for the appeal simply because the case was deemed

"exceptional" at the trial level. *See Tamko*, 294 F.3d at 230 ("We also reject [Appellee's] argument that whenever a case is deemed exceptional at the trial court level, attorneys' fees should *automatically* be awarded for the appeal." (emphasis added)). Nor did that court agree that an "appeal must be frivolous in order to justify an award of appellate attorneys' fees." *Id.* Rather, the First Circuit "str[uck] a middle ground" and enumerated three factors to be applied in determining whether an appeal is "exceptional" so as to justify an award of appellate attorneys' fees to the prevailing party. *Id.* Those factors are:

> (1) whether the appeal was on issues different from those that caused the trial court to find an "exceptional case"; (2) the relative strengths or weaknesses of the appellate issues; and (3) the extent to which the appeal can be said to have prolonged, without adequate justification, a particularly bad "exceptional case."

*Id.* Moreover, the court determined "[t]he weight to be given to each of these three factors may vary from case to case," and courts should "look to whether the losing party's position on appeal appears to be of a whole with the earlier 'malicious, fraudulent, deliberate, or willful' acts of infringement or is otherwise inequitable." *Id.* (citing *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 280–83 (3d Cir. 2000)).

The Court finds the *Novelty, Inc.* and *Yost* decisions persuasive. The Lanham

Act specifically authorizes an award of attorneys' fees to the prevailing party in "exceptional cases."  15 U.S.C. § 1117(a).  Moreover, the Lanham Act does not distinguish between an "exceptional case" at trial and an "exceptional case" for appellate purposes, and in light of the guidance of the previously discussed decisions, the Court finds it unnecessary to make such a distinction here.  *See id.*; *Novelty, Inc.*, 509 F.3d at 342; *Yost*, 92 F.3d at 825.  Because the jury found the case "exceptional," under the Lanham Act Kiva is entitled to its attorneys' fees on appeal.  15 U.S.C.§ 1117(a); *Novelty, Inc.*, 509 F.3d at 342; *Yost*, 92 F.3d at 825.[3]

---

[3] Defendants rely on a different Ninth Circuit case, *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1044 (9th Cir. 1986), to support their argument that Kiva is not entitled to appellate attorneys' fees because the appeal itself is not "exceptional."  It is true that in *Jartran*, the Ninth Circuit declined to award the prevailing party (U-Haul) attorneys' fee on appeal because, as the court noted, "[t]here is nothing 'exceptional' about Jartran's appealing this $40 million judgment."  *Id.* at 1044.  However, that case predates the *Yost* decision by ten years.  *Compare Yost*, 92 F.3d at 814 (decided in 1996), *with Jartran*, 793 F.2d at 1034 (decided in 1986).  Indeed, at the time the Ninth Circuit decided *Jartran*, as the court correctly noted, "[a]pparently no panel of th[e Ninth C]ircuit ha[d] ever awarded fees under [section 35 of the Lanham Act]."  *Jartran*, 793 F.2d at 1043.  *Yost*, however, seems to signal a change in that circuit's approach.  There, ten years after the *Jartran* decision, the Ninth Circuit explicitly stated,

> Because the district court found that appellants 'knowingly, intentionally and deliberately adopted and used [the appellee's name] in order to cause confusion [and] obstruct [appellee's] pursuit of its environmental agenda,' this case falls within that class of exceptional cases in which courts may award attorneys' fees pursuant to § 1117(a).  [Appellee] is therefore entitled to reasonable attorney's fees on appeal.

*Yost*, 92 F.3d at 825.  The Ninth Circuit's explicit language in *Yost* thus implicitly overrules

8

However, even if the Court applies the *Tamko* factors, the Court determines that, contrary to Defendants contentions, Kiva still prevails on its motion for attorneys' fees. *See Tamko*, 294 F.3d at 230. This is so because: (1) the issues raised on appeal were similar to those that made the case exceptional at trial; (2) the Fifth Circuit determined that Defendants' appellate arguments were mostly "irrelevant" or "without merit"; and (3) thus unnecessarily prolonged this exceptional case without adequate justification. *See id.*

The Fifth Circuit considered three issues on appeal from the trial court's judgment in this case: (1) the trial court's award of attorneys' fees to Kiva in the final judgment; (2) the trial court's award of statutory damages; and (3) the trial court's evidentiary rulings at trial.

First, on appeal Defendants "neither dispute[d] that the case is exceptional nor challenge[d] the amount of attorneys' fees assessed by the district court." *Kiva Kitchen*, 319 F. App'x at 321. Rather, Defendants argued Kiva was not the prevailing party because "Kiva did not properly elect statutory damages, and because Kiva did not present evidence with respect to Capital's sales attributed to the infringing

---

the earlier decision in *Jartran*. *See id.* Consequently, the Court is persuaded that the rule in the Ninth Circuit is that where the district court determines the case is "exceptional," attorneys' fees incurred on appeal are properly awardable to the prevailing party. *See id.* Thus, Defendants' reliance upon *Jartran* in this case is unpersuasive.

activity." *Id.* at 321–22. This argument, as the Fifth Circuit pointed out, "is without merit." *Id.* at 322. Thus, under *Tamko*'s "relative strengths and weaknesses" prong, this factor weighs in favor of Kiva. *See Tamko*, 294 F.3d at 230.

Second, Defendants appealed the district court's award of statutory damages. Defendants argued that the district court's award was not "just" under § 1117(d) because the evidence demonstrating Kiva suffered from Defendants' wrongful conduct is insufficient to justify the award of statutory damages. *See Kiva Kitchen*, 319 F. App'x at 320. Again, the Fifth Circuit characterized Defendants' argument as "without merit," and agreed with this Court's award of statutory damages as "warranted in light of Davis's bad faith intent to divert potential customers to Capital's website." *Id.* at 320.

Moreover, this issue—the award of statutory damages—is, as Kiva points out, "inextricably related to the 'exceptionality' of this case." This is so because the very conduct in which Defendants engaged that led the jury to find the case "exceptional" is the same conduct upon which the statutory damages were based—damages the Fifth Circuit determined were "'just' under the circumstances" and "warranted in light of" the Defendants' behavior. *See id.* at 321. Considering Defendants did not, on appeal, challenge the Court's judgment that the case was "exceptional," and that the Fifth Circuit found Defendants' arguments on the propriety of the Court's award of

statutory damages "without merit," the Court finds the first and second prongs of the *Tamko* analysis also weigh in favor of Kiva. *See Tamko*, 294 F.3d at 230.

Third, Defendants challenged the Court's evidentiary ruling on the use of archived website material to refresh a witnesses memory. *See Kiva Kitchen*, 319 F. App'x at 322–23. Defendants based this challenge on the best evidence rule, Federal Rule of Evidence 1002. *See id.* However, the Fifth Circuit made clear that the best evidence rule is entirely inapplicable because the Court allowed the documents' use only to refresh the witness's recollection and not for purposes of proving the documents' contents. *Id.* at 322–23. Thus, the Court did not err in admitting the witness's testimony as refreshed. *Id.* Because of the elementary nature of this issue, this Court finds Defendants' argument on appeal is weak and thus, under the second *Tamko* factor, lends support to Kiva's entitlement to attorneys' fees on appeal. *See Tamko*, 294 F.3d at 230.

In sum, the Court determines Defendants' appeal on issues that were mostly "irrelevant" and "without merit," and an award of attorneys' fees which was well within the Court's discretion to award under the Lanham Act, necessarily "prolonged without adequate justification" this exceptional case. *See Tamko*, 294 F.3d at 230. This case involved behavior beginning December, 2005—more than four years ago. The Court issued a final judgment on the jury's verdict in this case on April 22, 2008.

11

Because Kiva was forced to expend time and money to defend the district court judgment in its favor, and that defense culminated in a Fifth Circuit opinion in its favor four years after the events giving rise to this litigation, the Court finds the third *Tamko* factor weighs heavily in favor of Kiva. *See Tamko*, 294 F.3d at 230 ("The weight to be given to each of these three factors may vary from case to case."). In sum, the Court concludes that even when measured against the factors enumerated by the First Circuit in *Tamko*, Kiva is entitled to attorneys' fees expended on appeal. *See Tamko*, 294 F.3d at 230.

> B.    *Reasonable Attorneys' Fees and Motion to Exclude Expert Testimony*

Having found Kiva entitled to appellate attorneys' fees, the Court now must determine whether the amount Kiva seeks is reasonable. *See* 15 U.S.C. § 1117(a) ("The court in exceptional cases may award *reasonable* attorney fees to the prevailing party." (emphasis added)); *Schlotzky's, Ltd.*, 520 F.3d at 401. Kiva seeks attorneys' fees in the amount of $179,890.04. Defendants argue this number is excessive and "if the Court determines that it is entitled to appellate attorney's [sic] fees . . . a reasonable award of appellate attorney's [sic] fees for the appellee in this case would be less than $40,000." To that end, Defendants submit the affidavit of Roger D. Townsend ("Townsend"), Defendants' affiant on attorneys' fees, to support their contention that Kiva's requested fees are exorbitant. Kiva moves the Court to

12

exclude Townsend's testimony because Defendants failed to designate Townsend as an expert in a timely manner. Alternatively, Kiva moves to strike portions of Townsend's affidavit because those portions are conclusory or speculative. Moreover, Kiva argues that if the Court admits any portion of Townsend's affidavit testimony, the Court should grant Kiva leave to designate its own expert on the issue of appellate attorneys' fees and submit expert testimony supporting the propriety of its request. Thus, before determining the reasonableness of Kiva's requested attorneys' fees, the Court first must determine whether to consider Townsend's affidavit testimony.

                *i.*    *Expert Affidavit*

Kiva argues Defendant's designation of Townsend as an expert on attorneys' fees is untimely and, alternatively, Townsend's affidavit is wrought with speculative and conclusory statements unsupported by facts. Therefore, Kiva contends, Townsend's affidavit should be stricken and the Court should not consider it. However, the Court need not decide these issues. It is the Court's duty to determine whether the fees Kiva requests are reasonable, and the Court can do so without relying on expert testimony. *See, e.g., Davis v. Bd. of Sch. Comm'rs of Mobile County*, 526 F.2d 865, 868 (5th Cir. 1976); *Lewallen v. City of Beaumont*, Civ. A. No. 1:05-CV-733-TH JURY, 2009 WL 2175637, at *2 (E.D. Tex. July 20, 2009) ("[T]he

trial court may use its own expertise and judgment to independently assess the value of an attorneys' services." (citing *Davis*, 526 F.2d at 868)); *Sanitec Indus., Inc. v. Micro-Waste Corp.*, Civ. A. No. H-04-3066, 2009 WL 1457157, at *2 (S.D. Tex. May 22, 2009) ("[T]he Court ultimately must draw upon its own knowledge, experience, and expertise in evaluating the application" for reasonable attorneys' fees.). Thus, the Court need not consider Townsend's testimony related to the reasonableness of the fees Kiva seeks. Consequently, because the Court does not consider Townsend's testimony, the Court finds it unnecessary to strike the affidavit and therefore Kiva's motion is moot.

    ii.  *Reasonableness of Fees*

  The Court now turns to the reasonableness of the fees Kiva requests. In the Fifth Circuit, "whenever the award of reasonable attorneys' fees is authorized by statute," courts utilize the "lodestar" method and apply the twelve factors enumerated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), in determining what amount of attorneys' fees is reasonable. *In re Fender*, 12 F.3d 480, 487 (5th Cir.), *cert. denied*, 511 U.S. 1143 (1994); *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990); *see also Meineke Discount Muffler v. Jaynes*, 999 F.2d 120, 126 (5th Cir. 1993) (applying the *Johnson* factors in Lanham Act case). Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3)

the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

First, the Court must determine the "lodestar." *In re Fender*, 12 F.3d at 487. This is done by determining the "nature and extent of the services supplied by the attorney" and "the value of the services according to the customary fee and the quality of the legal work." *Von Clark*, 916 F.2d at 258. Thus, the "lodestar" is the product of multiplying the number of hours reasonably expended on the matter by the reasonable hourly rate for similar work. *In re Fender*, 12 F.3d at 487. A court may then adjust the lodestar upward or downward according to the remaining *Johnson* factors. *Id.* And, the Fifth Circuit has instructed district courts to "explain with a reasonable degree of specificity the findings and reasons upon which the award is based, including an indication of how each of the *Johnson* factors was applied." *Von Clark*, 916 F.2d at 258.

15

*a.    The Lodestar*

The party seeking attorneys' fees must submit "time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). Here, Kiva attached to its motion for attorneys' fees detailed billing records, including biographical summaries of the billing attorneys, and detailed descriptions of the tasks performed in post judgment and appellate legal services rendered on Kiva's behalf. According to the billing statement and affidavit of lead counsel, which Kiva submits in support of its fee request, Kiva's legal team from Porter & Hedges, L.L.P, worked 557.50 hours on this matter. Five attorneys billed time to the file—one partner, three associates, and one of counsel—in addition to two paralegals.

The billing is summarized as follows:

| **Timekeeper** | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| Partner | 151.75<br>45.25 | $500<br>$525 | $75,875.00<br>$23,756.25 |
| Of Counsel | 5.00 | $375 | $ 1,875.00 |
| Associate | 90.25 | $275 | $24,818.75 |
| Associate | 88.75<br>56.75 | $225<br>$250 | $19,968.75<br>$14,187.50 |
| Associate | 64.75<br>6.00 | $225<br>$250 | $15,568.75<br>$ 1,500.00 |

16

| Paralegal | 4.00 | $175 | $   700.00 |
|---|---|---|---|
| Paralegal | 45.00 | $165 | $ 7,425.00 |
| **TOTAL WORKED** | 557.50 | | $185,675.00 |
| **BILLED TO CLIENT** | 543.69 | | $179,890.04 |

The Court carefully analyzed the billing statements, including the descriptions of the tasks performed. Having done so, the Court finds the time spent performing the necessary post judgment tasks and appellate work in this case is reasonable. Furthermore, Defendants do not specifically challenge the hourly rates charged by Kiva's counsel, they merely contend the total fee is unreasonably large.[4] However, the Court finds the hourly rates listed above are reasonable fees for the area. Moreover, it is apparent that Kiva's attorneys' exercised billing judgment, billing to Kiva less than the total number of hours worked on the matter. *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) ("Billing judgment requires documentation of the hours written off as unproductive, excessive, or redundant."). Thus, having determined the hourly rates and time spent are reasonable for this case,

---

[4] Contrary to Defendants assertion that they were "not privy to either the hours Kiva's attorneys say they spent on the appeal or their rates," Kiva filed along with its motion for appellate attorneys' fees a detailed, line-item accounting of its charges, including task descriptions and rates. These billing statements were not, as Defendants allege, filed under seal.

the Court determines the lodestar value is $179,890.04. Moreover, because Kiva's counsel exercised billing judgment in its charges to Kiva, the Court determines the lodestar value need not be reduced by a percentage intended to substitute for such billing judgment. *See id.*

> b.   *The Johnson Factors*

Next, the Court must determine whether the lodestar value should be adjusted based on the twelve *Johnson* factors. *See Johnson*, 488 F.2d at 717–19. If a particular factor is subsumed in the lodestar, it may not be used to adjust the lodestar amount. *See Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993)).

> (1)   *Time and labor required.* This factor is subsumed in the Court's lodestar calculation and, thus, is not considered for adjusting the lodestar amount. *See id.* at 1047.

> (2)   *Novelty and difficulty of the questions.* Although this is a trademark infringement case, neither the trial nor the appeal involved particularly novel or difficult issues. The Court determines no adjustment to the reasonable lodestar amount is necessary based on this factor. *See, e.g., Red Giant Inc. v. Molzan, Inc.*, Civ. A. No. H-07-2657, 2009 WL 2242349, at * 9 (S.D. Tex. July 24, 2009).

18

(3)   *Skill requisite to perform the legal service properly.*  Nothing about the appeal or the legal services required to prosecute it evidences a need to adjust the lodestar amount.

(4)   *Preclusion of other employment by the attorney due to acceptance of the case.*  Nothing before the Court suggests that an adjustment to the lodestar amount is necessary based on this factor.

(5)   *Customary fee.*  This factor also is incorporated into the Court's lodestar calculation, and thus cannot be used to adjust the lodestar amount. *See Pearle Vision*, 135 F.3d at 1047.

(6)   *Fixed or contingent fee.*  This factor does not require an adjustment to the lodestar amount.

(7)   *Time limitations imposed by the client or the circumstances.*  Nothing before the Court suggests that an adjustment to the lodestar amount is necessary based on this factor.

(8)   *Amount involved and results obtained.*  The amount involved in this case, while not unsubstantial, does not warrant an adjustment to the lodestar amount.

(9)   *Experience, reputation, and ability of the attorneys.*  The attorneys' involved in this case are experienced civil litigation attorneys from a

19

reputable Houston firm. No adjustment to the lodestar amount is necessary under this factor.

(10)    *"Undesirability" of the case.*   This case is not particularly "undesirable," and no adjustment to the lodestar is necessary based on this factor.

(11)    *Nature and length of the professional relationship with the client.* This factor does not weigh in favor of adjusting the lodestar amount.

(12)    *Awards in similar cases.* The Court finds the fees here similar to those awarded in similar cases. Thus, no adjustment to the lodestar amount is necessary based on this factor.

In sum, the Court has carefully considered each of the *Johnson* factors as applied to this case and determines their consideration is accurately reflected in the lodestar. Because the Fifth Circuit has made clear "there exists a strong presumption of the reasonableness of the lodestar amount," the Court finds it unnecessary to adjust the lodestar amount here. *See Delta Concrete*, 448 F.3d at 800.

## CONCLUSION

The Court concludes Kiva is entitled to appellate attorneys' fees in this exceptional case. Moreover, the Court thoroughly reviewed Kiva's requested fees and supporting documentation, which includes detailed line-item billing entries with

descriptions and the billing attorneys' biographies and professional profiles. It is the Court's determination that the attorneys' fees sought by Kiva are reasonable in light of the tasks associated with defending their jury verdict and judgment on appeal. Consequently, the Court determines Kiva is entitled to the entire amount of attorneys' fees it seeks, $179,890.04. For all the foregoing reasons, the Court hereby

ORDERS that Kiva's Motion for Award of Attorneys' Fees Incurred After February 25, 2008 (Document No. 203) is GRANTED. The Court further

ORDERS that Plaintiff's Motion to Exclude the Testimony of Roger D. Townsend, or Alternatively to Strike Portions of the Declaration of Roger D. Townsend (Document No. 206) is DENIED as MOOT. The Court further

ORDERS that Defendants shall pay to Plaintiff attorneys' fees incurred post February 25, 2008 in the amount of $179,890.04.

SIGNED at Houston, Texas, on this __8__ day of January, 2010.

_____
DAVID HITTNER
United States District Judge

21